IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN E. ALBRECHT,

    Plaintiff,

v.                                                                                        No. CV 12-976 JAP/GBW

RAMON RUSTIN &
MARK GONZALES,

    Defendants.

## ORDER WITHDRAWING RECOMMENDATION OF DISMISSAL AND ORDERING PLAINTIFF TO CURE

This matter comes before me on Plaintiff's objections to my Proposed Findings and Recommended Disposition (PFRD), *doc. 7*. On December 20, 2012, I recommended that the Court dismiss Plaintiff's complaint for failure to file a certified copy of his inmate account statement for the six month period immediately preceding the filing of his complaint, as ordered on September 24, 2012. *Doc. 6*. On December 31, 2012, Plaintiff filed objections to my PFRD, conceding his failure to file the statement. *See doc. 7*. However, Plaintiff explained that the account statement that he was intended to submit had been lost along with the rest of his personal property "when [he] was transported to court on a criminal matter." *Id*.

In light of Plaintiff's explanation, I hereby withdraw my recommendation that Plaintiff's Complaint be dismissed for this deficiency at this time. However, as required

1

by 28 U.S.C. § 1915(a)(2), Plaintiff must still file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint … obtained from the appropriate official of [the] prison at which the prisoner is or was confined."  This Court cannot allow Plaintiff to proceed *in forma pauperis* without it.   Therefore, Plaintiff has forty-five (45) days from the date of this order to file his account statement as described above. Failure to file the statement may result in the dismissal of this action without further notice.

    **IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE