IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN ALBRECHT,

    Plaintiff,

  v.                                                                                                              No. CIV 12-0976 JP/GBW

CHIEF RAMON RUSTIN,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,
MARK GONZALES,

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the Court will dismiss certain of Plaintiff's claims.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that members of a security team at Bernalillo County Metropolitan Detention Center, under the direction of Defendant Gonzales, searched Plaintiff's cell and confiscated items including religious materials.  The materials were not returned to Plaintiff.  He asserts that the confiscations violated his rights under the First and Fourteenth Amendments.  For relief, the complaint seeks return of the property or damages.

The complaint contains no factual allegations against Defendant Rustin affirmatively linking him to the asserted deprivation.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  "We have said that a plaintiff cannot establish liability under § 1983 merely by showing that the defendant was in charge of others who may have committed a constitutional violation.  Instead, the plaintiff must establish a 'deliberate, intentional act by the supervisor to violate constitutional rights.' " *Phillips v. Tiona*, No. 12-1055, 2013 WL 239891, at *6  (10th Cir. Jan. 23, 2013) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010)).  The Court will dismiss Plaintiff's claims against Defendant Rustin.

Plaintiff also filed a motion for appointment of counsel (Doc. 3).  Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to

present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and an initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly installment payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why payment should be excused, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (Doc. 3) is DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Rustin are DISMISSED; Defendant Rustin is DISMISSED as a party to this action; and the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Gonzales.

_____
UNITED STATES DISTRICT JUDGE